893 F.2d 1335
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald TAPP, Plaintiff-Appellee,
v.
Anthony M. FRANK, Postmaster General, U.S. Postal Service,
Defendant-Appellant.
 No. 89-5272.
 United States Court of Appeals, Sixth Circuit.
 Jan. 10, 1990.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES, and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 The Postmaster General appeals the district court's decision in favor of Ronald Tapp after a bench trial in this reverse discrimination action under Title VII and 42 U.S.C. Secs. 1981, 1985. For the reasons stated below, we reverse.
 
 
 2
 In 1970, Tapp, a white male and a disabled veteran, was hired by the Postal Service. In 1975, Tapp resigned at the request of the Postal Service because he had stolen Postal Service funds. Tapp pled guilty to the theft and was sentenced to thirty-five months probation.
 
 
 3
 Several years later, Tapp sought reinstatement with the Postal Service at the Memphis Sectional Center three times--on October 31, 1981, on March 12, 1982, and on August 10, 1983, and was rebuffed each time. Charles Isabel, a black male, who was Manager of Employee Relations at the Memphis Sectional Center, made the reinstatement decisions regarding Tapp.[1]
 
 
 4
 T.L. Davis, a black male, also was terminated for theft on March 24, 1978. Unlike Tapp, Davis pursued reinstatement immediately with the support of the union. The Postal Service reinstated Davis on December 2, 1978. Both Davis and Tapp are alcoholics.
 
 
 5
 After unsuccessfully seeking a finding of race discrimination from the Equal Employment Opportunity Commission, Tapp sued in district court. After a bench trial, the district court held that Tapp had made out a prima facie case of discrimination under the rule of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The district court also held that the Postal Service had successfully proffered a nondiscrinatory reason for not reinstating Tapp--that he had stolen money during his previous employment. See id. The district court found that this nondiscriminatory reason was a mere pretext for race discrimination, because the Postal Service had treated Tapp differently from Davis, a similarly situated black former employee. Thus, the district court held that Tapp had been subjected to disparate treatment.
 
 
 6
 On appeal, the Postal Service argues that the district court erred in finding that Tapp successfully had rebutted its nondiscriminatory reason for not reinstating him. Once the Postal Service proffers a nondiscriminatory reason for why he was not reinstated, Tapp bears the burden to show that it was a mere pretext. Id.; Daniels v. Cleveland Bd. of Educ., 805 F.2d 203 (6th Cir.1986).
 
 
 7
 The crux of the Postal Service's argument on appeal is that Davis was not similarly situated to Tapp, and that no other evidence supports an inference of discrimination. The Postal Service argues that Davis was reinstated at the Union's behest, immediately after his removal, after agreeing to enter the Post Office's alcohol rehabilitation program. In contrast, Tapp did not apply to be reinstated for six years and the Union never advocated that he be reinstated. We agree with the trial court that union advocacy can play a large role in a reinstatement decision. It may not be fair that Davis had union support and Tapp did not, but there is no evidence to suggest that the lack of union support was due to race or that the Postal Service played any role in preventing union support. Also, Davis's immediate decision to seek reinstatement, to admit that his theft was caused by alcoholism, and to agree to undergo treatment for the alcoholism, differs from Tapp's reappearance six years later. Tapp and Davis are not similarly situated.
 
 
 8
 Other evidence does not justify a finding of race discrimination. Tapp introduced evidence of disparate treatment by the Postal Service in another pair of applicants for reinstatement, LaBarre and Heinz. Although the district court properly considered LaBarre and Heinz as general background evidence, they are not similarly situated to Tapp. They cannot form the basis of a finding of disparate treatment. Tapp also introduced evidence that blacks outnumbered whites at the Memphis Sectional Center, but Tapp made no claim of disparate impact. Indeed, the Memphis Sectional Center actively sought to increase the number of white employees during the relevant time period.
 
 
 9
 We find that the district court erred in finding that Davis was similarly situated to Tapp. Because no other evidence justifies a finding of discrimination, Tapp has failed to rebut the Postal Service's nondiscriminatory reason. The judgment of the district court is reversed and this case is remanded with instructions to enter judgment in favor of the Postal Service.
 
 
 
 [1]
 After Tapp had been denied reinstatement for the third time, Isabel referred him to the Postal Service's Bulk Mail Center for possible employment. This referral proved fruitless for Tapp. Tapp unsuccessfully challenged the failure to hire him at the Bulk Mail Center at trial, but he has not appealed it